## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

THOMAS JOSHUA KEIZER,

      Defendant.

Case No. 25-CR-289-SEH

### United States' Sentencing Memorandum

Thomas Keizer abused and manipulated his relationships with multiple minor victims, and he kept souvenirs of that abuse and of other children for his own gratification. The totality of Keizer's conduct, dangerousness, criminal history, and the other 18 U.S.C. § 3553 factors support the statutory maximum sentence of 30 years imprisonment, followed by a lifetime term of supervised release.

### Facts and Procedural History

In November 2024, HSI began investigating an NCMEC Cybertip involving sexually explicit conversations between twelve-year-old MV-1[1] and multiple adult men over Discord. Keizer was one of these adult men. Although Keizer and MV-1 only communicated for one day, Keizer quickly learned that MV-1 was twelve years old. Keizer's messages with MV-1 almost immediately escalated to graphic descriptions of sexual acts that he would like to perform on or with MV-1, such as

---

[1] MV-1 is the victim associated with the Indictment in this case.

touching MV-1's body and having sex with MV-1. The messages also described Keizer and MV-1 exchanging explicit pictures or videos, but none of those were preserved by the Discord application.

HSI's investigation uncovered that Keizer engaged in similar sexually explicit conversations with at least two additional, verified teenagers.[2] As with MV-1, the media associated with those conversations was not preserved, but Keizer engaged in similar conversations with them where he groomed and discussed highly sexual topics with those minors. During some of Keizer's online communication, he discussed his interest in incest and role-play, including his interest in dominant-submissive relationships.

In conjunction with Keizer's arrest on the Indictment in this case, HSI served search warrants on Keizer's person and home for electronic devices. At the time of his arrest, Keizer was living with his eighteen-year-old girlfriend.[3] HSI obtained additional search warrants for the multitude of devices the agents seized. Agents forensically examined these devices and found hundreds of images and videos of child sexual abuse material, including depictions of toddlers and prepubescent children engaged in sexually explicit acts with adults.

HSI special agents also learned that Keizer had surreptitiously recorded his nieces and one of their friends when he lived with his sister, brother-in-law, and their kids before moving in with his girlfriend. Keizer hid a device in the bathroom and

---

[2] Keizer is not charged with any conducted associated with these minor victims.
[3] Keizer's girlfriend is not a subject or victim in this case.

captured images of the four of the young girls using the bathroom. Keizer captured child sexual abuse material of two of the girls: his niece (MV-3), who was between six and ten years old, and her friend (MV-2), who was between six and nine years old. Between the two, Keizer captured hundreds of images of their genitals.

Keizer pleaded guilty to an Information that charged him with producing, receiving, and possessing child pornography, and involved several, but not all, of Keizer's known victims. In the plea agreement, Keizer agreed that several sentencing guideline enhancements applied, and the government agreed to dismiss the underlying Indictment.

### Argument and Authorities

After determining the applicable, but advisory, Guideline range, the district court must consider the 18 U.S.C. § 3553(a) sentencing factors when determining an appropriate sentence. *See Gall v. United States*, 552 U.S. 38, 49-50 (2007). Those § 3553(a) factors include (1) the nature and circumstances of the offense, (2) the history and characteristics of the defendant, and (3) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a).

The Presentence Report calculates Keizer's total offense level as 43. However, Counts 1 and 2 of the Information carry a 30-year statutory maximum sentence, 18 U.S.C. § 2251(e), and Counts 3 and 4 carry a 20-year statutory maximum sentence, 18 U.S.C. § 2252(b). Here, the Court should disregard the Guideline provision §

5G1.2(d) and run Keizer's sentences on all counts concurrently for two reasons. First, after *United States v. Booker*, the United States Sentencing Guidelines are advisory, not mandatory. 543 U.S. 220, 245 (2005). Therefore, USSG § 5G1.2(d), which provides certain instances in which multiple counts may be run consecutively is equally advisory. *United States v. Lymon*, 905 F.3d 1149, 1152-53 (10th Cir. 2018) (citing *United States v. Hollis*, 552 F.3d 1191, 1195 (10th Cir. 2009) (stating that § 5G1.2(d) is no longer mandatory after *Booker*)). Second, all relevant § 3553(a) factors weigh in favor of imposing the statutory maximum sentence of 360 months for Counts 1 and 2 and 240 months for Counts 3 and 4, all followed by a significant term of supervised release to ensure Keizer's reintegration with society and compliance with the law.

### A. Nature and circumstances of the offense.

Keizer targeted and exploited many children, including his own family members. He preyed upon young children for his own sexual pleasure and gratification, and he kept mementos of his exploits. Indeed, Keizer kept hundreds of images of exploitive child sexual abuse material. From the perspective of Keizer's family, he abused the trusted relationship of uncle and violated them in the bathroom, a most private and vulnerable place. Their victim impact statements – indeed, all the victim impact statements – describe the trauma Keizer has caused so many children.

In fashioning a plea agreement, the government considered several factors in Keizer's favor. First, the government has no evidence that Keizer distributed any of the child sexual abuse material he possessed. Second, the government has no

evidence that Keizer sexually touched or sexually abused a child. And third, the worthwhile goal of sparing multiple traumatized children (including his own family) from testifying against him in a trial. These factors remove Keizer from the 1,200-month guideline contemplated by the PSR, but they do not afford him greater leniency. Keizer objectified and sought sexual gratification from a twelve-year-old, he violated his own family by recording young girls using the bathroom, and he sought out and possessed hundreds of depictions of child sexual exploitation. His actions require the statutory maximum punishment of thirty years.

### B. Keizer's history and characteristics.

Keizer's history and characteristics do not warrant additional mitigation. Although Keizer experienced a rocky childhood, he chose to perpetuate the cycle of adverse childhood experiences for multiple additional children. Keizer's education and employment history demonstrate an otherwise law-abiding life, which makes Keizer's decision to target children even more troubling.

### C. The need to promote respect for the law, provide just punishment, adequate deterrence, and protect the public.

Sentencing Keizer to 30 years in prison is necessary to impress upon him the significance of his conduct, provide just punishment, and deter similar conduct. Keizer unabashedly exploited multiple children. His punishment must impress upon him the seriousness of his conduct. While Keizer's conduct is heinous and warrants a significant sentence, the mitigating factors discussed above show that Keizer does not require the extreme guideline contemplated by the PSR to promote his respect for the

law. Instead, thirty years imprisonment will deter Keizer from further child exploitation and will protect the public, and a lifetime term of supervised release will allow Keizer to successfully reintegrate into society and ensure he complies with the law. This sentence is also sufficiently severe that it will generally deter others from engaging in Keizer's behavior.

### D. The Court should impose Paragraph 4 of the Special Sex Offender Conditions.

Paragraph 4 of the Special Sex Offender Conditions prohibits Keizer from possessing or viewing videos or visual depictions displaying a sexual act, as defined at 18 U.S.C. § 2246(2), or child pornography, as defined at 18 U.S.C. § 2256(8). Before courts impose special supervised release conditions limiting or prohibiting a defendant's access to constitutionally protected materials, like sexually oriented materials involving adults, courts "must justify the condition with compelling circumstances." *United States v. Koch*, 978 F.3d 719, 725-26 ("[C]ase law mandates that the district court engage in an on-the-record analysis of the propriety of all special conditions of supervised release and a particularly meaningful and rigorous analysis when the special condition implicates a fundamental right or interest."). This analysis requires the court to analyze several factors, including whether the condition (1) is reasonably related to pertinent § 3553(a) factors[4], (2) does not deprive

---

[4] Specifically, the nature and circumstances of the offense, history and characteristics of the defendant, as well as the need to deter criminal conduct, protect the public from the defendant's future crimes, and to assist in rehabilitation. 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D).

the defendant of liberty greater than reasonably necessary, and (3) is consistent with Sentencing Commission policy statements. 18 U.S.C. § 3583(d).

Keizer's behavior, the facts of this case, and the language of Paragraph 4 all support requiring that Keizer comply with the condition. First, Paragraph 4 is reasonably related to Keizer's conduct and his history and characteristics. Keizer exhibits a strong sexual attraction to children of wide-ranging ages, including teenagers. Keizer frequently communicated with and requested nude images of teenage girls. He possessed pornographic images of individuals who appeared to be older teenagers or young adults. Moreover, when Keizer was arrested, he lived with his eighteen-year-old girlfriend. This condition is necessary based on the nature and circumstances of this case, to deter Keizer's future criminal conduct. Restricting him from viewing pornographic images and videos, which commonly depict supposed teenagers is critical for Keizer's rehabilitation.

Second, this restriction maximizes Keizer's rehabilitation while protecting Keizer's constitutional rights because in narrowly tailors the prohibition to material that might inflame his sexual interest in children, but no further. Finally, Paragraph 4 is consistent with the Sentencing Commission's policy statements regarding sex offender treatment, which prioritize rehabilitative and deterrent efforts. Paragraph 4 removes defendants from and monitors them for temptation.

## Conclusion

Keizer preyed upon numerous children for his sexual pleasure and gains. His conduct and the remaining § 3553(a) factors warrant the stringent statutory maximum sentence of 360 months imprisonment on Counts 1 and 2, 240 months imprisonment on Counts 3 and 4, all running concurrently, and a lifetime term of supervised release.

CLINTON J. JOHNSON
UNITED STATES ATTORNEY

/s/ Valeria Luster
Valeria Luster, OBA No. 32451
Assistant United States Attorney
Northern District of Oklahoma
110 West Seventh Street, Suite 300
Tulsa, Oklahoma 74119
918.382.2700

9

**Certificate of Service**

I hereby certify that on May 28, 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and notification was sent to the following recipient:

Jason Lollman
*Attorneys for Defendant*

/s/ Valeria Luster
Valeria Luster
Assistant United States Attorney